


DAVID LOPEZ, ESQ.  DL-6779
Attorney for Plaintiff
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:        631.287.5520
Fax:       631.283.4735
e-Mail:    DavidLopezEsq@aol.com

13 CV 2903

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**DEBORAH DONOGHUE,**

Plaintiff,

- against -

**TELETOUCH COMMUNICATIONS, INC.,**

Nominal Defendant,

-and –

**TLL PARTNERS, LLC, ROBERT M. McMURREY and PROGRESSIVE CONCEPTS COMMUNICATIONS, INC.,**

Defendants.
_____/

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS
UNDER 15 USC 78p(b)

Jury Trial Demanded

**DEBORAH DONOGHUE**, by David Lopez, Esq., her attorney, complaining of the defendants, respectfully alleges the following upon information and belief, except as to paragraph 2 which plaintiff alleges on personal knowledge.

**JURISDICTION:**

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b), and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. Section 78aa.

**THE PARTIES AND VENUE:**

2. Plaintiff is a security owner of TELETOUCH COMMUNICATIONS INC. ("TELETOUCH"), a Delaware Corporation with principal offices at 5718 Airport Freeway, Fort Worth, Texas 76117.

3. At all times relevant the common stock of TELETOUCH was and is registered under Section 12(g) of the Act and was and is traded on the OTC Markets Electronic Exchange located within this district. One or more of the purchases or sales to be described took place upon that exchange.

4. This action is brought in the right and for the benefit of TELETOUCH which is named as a party defendant solely in order to have all necessary parties before the court.

5. At all times relevant TLL PARTNERS LLC ("TLLP") was an insider of TELETOUCH, to wit: a more-than 10% beneficial owner of a class of equity security and thereby a fiduciary.

6. At all times relevant TLLP maintained a principal place of business or was found at 5718 Airport Freeway, Fort Worth, Texas 76117.

2

7.      At all times relevant, ROBERT M. McMURREY ("McMURREY") was a Director and Chief Executive Officer of TELETOUCH. Additionally, he was the sole manager of TLLP and thereby an indirect beneficial owner of TELETOUCH shares owned by TLLP to the extent of his pecuniary interests therein.

8.      At all times relevant McMURREY maintained a principal place of business or was found at 5718 Airport Freeway, Fort Worth, Texas 76117.

9.      At all times relevant PROGRESSIVE CONCEPTS COMMUNICATIONS, INC., a Delaware Corporation, ("PCCP") owned all the common membership interests of TLLP and was thereby an indirect beneficial owner of TELETOUCH shares owned by TLLP to the extent of its pecuniary interests therein.

10.     At all times relevant McMURREY and PCCP had shared voting and dispositive powers with respect to all shares of TELETOUCH owned by TLLP and thereby were indirect beneficial owners of such shares to the extent of their pecuniary interests therein.

11.     At all times relevant PCCP maintained a principal place of business or was found at 5718 Airport Freeway, Fort Worth, Texas 76117.

**STATUTORY REQUISITES:**

12.     The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

13.     Demand for prosecution was made on TELETOUCH on November 14, 2012.

14.     One hundred sixty five days, have passed and TELETOUCH has failed to recover the short-swing profits due to it. By e-mail dated April 26, 2013, TELETOUCH's counsel responded to the last of repeated demands of Plaintiff's counsel for a prompt recovery by stating "The inquiry and the related analysis is in process. The committee is not yet in a position to report an outcome...."

15.     Further delay in the filing of suit would be a futile gesture.

16.     This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

**CLAIM FOR RELIEF:**

17.     TLLP sold 27,000,000 shares of the common stock of TELETOUCH on August 11, 2011, in three separate sales at an agreed price of $0.88 per share.

18. TLLP is deemed to have purchased 25,000,000 shares of the common stock of TELETOUCH on August 11, 2011, through the purchase of a Call Option giving it the right to buy that number of shares.

19. TLLP is deemed to have purchased an additional 25,000,000 shares of the common stock of TELETOUCH on August 11, 2011, through the sale of a Put Option giving it the obligation to buy that number of shares.

20. The common stock of TELETOUCH traded on the open market on August 11, 2011, in a range between $0.47 and $0.60.

21. The foregoing purchases and sales may be matched against one another using the "lowest-in, highest-out" method to produce profits recoverable from TLLP. The amounts of such profits are unknown to Plaintiff pending a determination of the purchase price within that range to be used in computing damages. Measured by the median between high and low, profits approximate $9,335,000. Discovery and the development of a record will be needed to make that determination of purchase price.

22. Such profits inure to the benefit of and are recoverable on behalf of TELETOUCH by Plaintiff as one of its shareholders, TELETOUCH having failed to recover in its own right and for its own benefit despite having been given ample opportunity to do so.

**WHEREFORE**, Plaintff demands judgment:

      a)      Requiring TLLP, McMURREY and PCCP to account for and to pay over to TELETOUCH the short-swing profits realized and retained by them in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

      b)      Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountants and expert witness fees; and

      c)      Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated:      Southampton, New York
              April 29, 2013

                                                      Yours, etc.

                                                      David Lopez, Esq.